IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
SOUTHERN DIVISION
NO. 7:14-CV-146-BO

| | |
|---|---|
| CITIMORTGAGE, INC. and DOES 1 TO 50, ) | |
| ) | |
| Plaintiffs, ) | |
| ) | **ORDER** |
| v. ) | |
| ) | |
| JOSEPH R. THAMES, ) | |
| ) | |
| Defendant. ) | |

This matter is before the Court on plaintiff's motion for to dismiss this action without prejudice pursuant to Rule 41(a)(2) of the Federal Rules of Civil Procedure. Defendant removed the case to this Court on July 7, 2014. [DE 1]. The action arises out of a foreclosure action in North Carolina Superior Court on a deed of trust securing repayment of a promissory note for which defendant was listed as the borrower and plaintiff was listed as the holder. Prior to the foreclosure hearing before the Onslow County Clerk of Superior Court, the parties entered into a loan modification agreement which was signed by Mr. Thames on September 29, 2014, and by Citimortgage on October 13, 2014. [DE 11–3]. The foreclosure proceeding was voluntarily dismissed in state court on October 16, 2014. [DE 11–4]. Plaintiff now argues that dismissal is appropriate because, *inter alia*, the case has been rendered moot by virtue of the loan modification agreement.

"A plaintiff's motion under Rule 41(a)(2) for dismissal without prejudice should not be denied absent substantial prejudice to the defendant." *Andes v. Versant Corp.*, 788 F.2d 1033, 1036 (4th Cir. 1986). In evaluating motions for voluntary dismissal without prejudice, a district court considers: (1) the opposing party's effort and expense in preparing for trial; (2) excessive delay or lack of diligence on the part of the movant; (3) insufficient explanation of the need for a

dismissal; and (4) the present stage of the litigation. *Gross v. Spies*, 133 F.3d 914, 1998 WL 8006, at *5 (4th Cir. Jan. 13, 1998). These factors are not exclusive, however, and any other relevant factors should be considered depending on the circumstances of the case. *Id.*

Here, the Court finds that dismissal without prejudice is appropriate. This action was commenced as a foreclosure proceeding before the Clerk of Superior Court of North Carolina. No answer is permitted, N.C. Gen Stat. §45–21.16, and accordingly defendant has no claims or counterclaims pending, nor has either party put forth considerable effort or expense in preparing for a trial. The parties have signed a loan modification that resolves the default and moots the basis for seeking foreclosure. [DE 11–3]. Plaintiff promptly filed the instant motion to dismiss the day the loan modification agreement was executed. No claims are pending arising from the acceptance of the loan modification agreement or the terms thereof. Although defendant appears to be unhappy with plaintiff's actions, defendant's arguments in opposition to dismissal are unrelated to the claims at issue in this case.

Accordingly, the Court finds no substantial prejudice to defendant and thus GRANTS plaintiff's motion to dismiss this action without prejudice. [DE 11]. The clerk is DIRECTED to enter judgment accordingly.

SO ORDERED, this __6__ day of February, 2015.

TERRENCE W. BOYLE
UNITED STATES DISTRICT JUDGE